UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| STEVE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:12-cv-32-WGH-RLY |
| | ) | |
| DARAMIC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the parties' consents and an Order of Reference entered on June 20, 2012. (Docket No. 10). Plaintiff, Steve Smith ("Smith"), suffered injuries while working on the premises of the Defendant, Daramic, LLC ("Daramic"). Smith sued Daramic for negligence. Daramic now moves for summary judgment. (Docket No. 31). The matter is fully briefed,[1] and for the reasons set forth below, Daramic's motion is **GRANTED**.

I.  **Factual Background and Procedural History**

In early January 2010, Daramic entered into a verbal contract with Morgan Nye, d/b/a Nye Welding ("Nye"), to install pipe insulation at Daramic's

---

[1] Smith, without explanation or seeking permission from the court, submitted his response memorandum and all accompanying exhibits under seal. (Docket No. 35). Smith's materials must be considered to properly adjudicate Daramic's motion, and he cannot ask the court to consider these materials while also shielding them from the opposing side and the public. *See Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992). Additionally, courts are not allowed to consider *ex parte* briefs. *See generally* S.D.IND.L.R. 7.1. The court hereby orders all of Smith's submissions unsealed.

1

facility after pipes froze at the facility. (Complaint ¶¶ 4-5). Smith, a Nye employee, installed pipe insulation at the plant, which Smith claims was an inherently dangerous activity and "likely to cause injury unless due precaution was taken." (*Id.* ¶¶ 6-7). On January 3, 2010, while working at the Daramic plant, Smith fell approximately twelve feet from a "lean-to", landing on an angle iron and sustaining severe and permanent injuries. (*Id.* ¶¶ 8, 11; Deposition of Steve Smith ("Smith Dep.") at 39). Smith filed suit in Harrison County Superior Court, alleging that Daramic had a duty to: (1) provide safe work equipment; (2) establish and implement a safety protocol; (3) provide a safe workplace; and (4) inspect and correct worksite for hazards, dangers, and safety code violations. Smith claims Daramic failed in all four duties, and his injuries were proximately caused by Daramic's breach. (*Id.* ¶¶ 9-11). Daramic removed the case to this court on March 19, 2012. (Docket No. 1). Jurisdiction and venue are proper in this court. 28 U.S.C. §§ 1332, 1391.

II. **Statement of Material Facts not in Dispute**

1. Daramic owns a manufacturing facility in Corydon, Indiana. (Affidavit of Roger Calloway ("Calloway Aff.") ¶3).

2. On or about January 2, 2010, Daramic verbally contracted with Morgan Nye d/b/a Nye Welding ("Nye") to work on pipes which had frozen on the exterior of its facility ("the work"). (Calloway Aff. ¶¶5-6.; Affidavit of Michael Thomason ("Thomason Aff.") ¶¶5, 7).

3. Nye and Michael Thomason, the person Daramic assigned to interact with Nye, verbally agreed that Daramic would pay Nye on a time and cost

basis, and that Nye would provide the necessary labor, equipment, and materials. This was the only agreement that was entered into between Nye and Daramic regarding the work. (Thomason Aff. ¶7; Affidavit of Morgan Nye ("Nye Aff.") ¶5; Calloway Aff. ¶8).

4. Nye selected the methods and means of the work and used its own equipment and materials to perform the work. (Thomason Aff. ¶9; Nye Aff. ¶6; Affidavit of Kenny Williams ("Williams Aff.") ¶6). Nye was free to determine how to carry out the work; no one from Daramic tried to control Nye's work. (Calloway Aff. ¶9; Nye Aff. ¶7; Williams Aff. ¶7).

5. While the project manager checked on the work and was available to answer questions, no one from Daramic supervised the details of the work. (Calloway Aff. ¶10; Thomason Aff. ¶¶ 8, 10).

6. At some point prior to starting work on this project, Smith was required by Daramic to go through an orientation in contractor safety. This orientation was limited to watching a video, perhaps answering three or four short questions, and signing a card indicating that he had watched the video. (Smith Dep. 46).

7. Daramic maintains written environment, health, and safety procedures. Pursuant to these policies, Daramic offered training to its contractor companies when necessary and held contractor safety meetings prior to a new project beginning. (Plaintiff's Exs. 17-18).

8. Daramic's safety guidelines also inform contractors of its right to audit the worksite and designate a Daramic employee as the project manager. (Plaintiff's Exs. 8, 18).

9. Under Daramic's written safety guidelines, the project manager was responsible for ensuring that contractors complied with Daramic policies and procedures and coordinating with Daramic's environment, health, and safety department when necessary. (Plaintiff's Exs. 5, 6 at 2).

10. Smith was one of the Nye employees that performed the work. (Complaint ¶6)

11. Smith did not consider himself a Daramic employee. (Smith Dep. 37).

12. Smith did not speak with anyone from Daramic during the time he was performing the work. (*Id.* 33; Defendant's Ex. G at 2).

13. Smith's incident occurred at 8:00 a.m., on January 3, 2010. (*Id.* 34).

14. Smith alleges he was on top of two "lean-tos" performing the work. (*Id.* 35).

15. The incident allegedly occurred when Smith backed off one of the lean-tos into a space between the two lean-tos. (*Id.* 39).

16. Smith could see the space and knew it was there, but did not see it as he was backing up and fell. (*Id.*).

17. Nye brought a man-lift to the work site, but Smith was not using it at the time of the incident. (*Id.* 35).

18. Smith considered Shane Black, a member of the Nye crew, to be in control of the job when the incident occurred. (*Id.* 46).

19. No Daramic employee was present when Smith's alleged accident occurred. (*Id.* 41).

20. Smith was aware that falls are a known hazard in the construction industry and received fall protection training when he was working for another employer. (*Id.* 47).

21. Smith knew that wearing a safety harness could prevent falls. (*Id.* 29).

22. Smith knew that performing work in inadequate lighting could be dangerous. (*Id.* 44).

23. Smith never asked anyone from Daramic to provide additional lighting. (*Id.*).

### III. Legal Standards

#### A. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325, 106 S. Ct 2548, 91 L. Ed. 2d 265 (1986). The non-moving party, however, may not rest on mere allegations or denials in its pleadings, but rather must set forth specific facts showing that there is a

genuine issue for trial. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Stated differently, only disputes over material facts—i.e., "facts that might affect the outcome of the suit under the governing law"—will preclude the entry of summary judgment. *Id.* at 248. When determining whether a genuine issue of material fact exists, the court views the record and draws all reasonable inferences in the light most favorable to the nonmoving party. *Id.* at 255.

### B. Negligence

Common law negligence claims, such as Smith's, require a plaintiff to prove the following elements to recover: (1) the defendant owed a duty to the plaintiff; (2) the defendant did not fulfill the applicable standard of care, breaching its duty to the plaintiff; and (3) the breach of duty proximately caused the plaintiff's actual, compensable injury. *See Caesar's Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1123 (Ind. 2010).

In Indiana, unless a principal has negligently selected the independent contractor, a *principal* is generally not liable for injuries suffered by an employee of an independent contractor while the employee is doing work that the independent contractor was hired to do. *PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943, 950 (Ind. 2005), *abrogated in part by Hughes v. Carmel High Sch. Vocational Bldg. Trades Corp.*, 854 N.E.2d 345, 346 (Ind. 2006). Indiana

recognizes five exceptions: when (1) the work is intrinsically dangerous; (2) the principal is by law or contract charged with performing a specific duty; (3) the act performed will create a nuisance; (4) the act performed will probably cause injury to others if due care is not taken; and (5) the act is illegal. *Bagley v. Insight Comm. Co.*, 658 N.E.2d 584, 586 (Ind. 1995).

Additionally, a *landowner* may owe an independent contractor's employees a duty to maintain a safe worksite or premises if he controls the manner and means of an independent contractor's work. *Pelak v. Ind. Indus. Servs.*, 831 N.E.2d 765, 769, 781 (Ind. Ct. App. 2005).

"Indiana negligence claims 'are particularly fact sensitive and are governed by a standard of the objective reasonable person - one best applied by a jury after hearing all of the evidence.' Hence, summary judgment in these types of negligence actions is 'generally seen to be inappropriate.'" *McCauley v. Nucor Corp.*, 2007 U.S. Dist. LEXIS 9688, at *12-13 (S.D. Ind. Feb. 9, 2007) (quoting *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004); *Perkins v. Lawson*, 312 F.3d 872, 876 (7th Cir. 2002)). However, the issue of whether a duty existed is a matter of law for the court. *Hurst v. Bd. of Commr's of Pulaski Co.*, 476 N.E.2d 832, 833 (Ind. 1985).

## IV.    Discussion

Daramic argues that it did not owe any of the four duties alleged by Smith, and Smith's claim fails as a matter of law. The court addresses each allegation in turn.

7

### A. Does Daramic, as the landowner, owe Smith a common law duty to maintain a safe worksite or premises?

As a general principle, landowners in Indiana owe business invitees a duty to keep their premises safe. *Louisville Cement Co. v. Mumaw*, 448 N.E.2d 1219, 1221 (Ind. Ct. App. 1983); *Plan-Tec, Inc. v. Wiggins*, 443 N.E.2d 1212, 1219 (Ind. Ct. App. 1983).  However, cases that have specifically dealt with injuries to employees of independent contractors have concluded that the duty extends to those employees only if the landowner controls the manner and means of the contractor's work.  *Pelak v. Ind. Indus. Servs.*, 831 N.E.2d 765, 769, 781 (Ind. Ct. App. 2005).  The facts before the court do not show that Daramic exercised control over the manner and means of Nye's work. (Undisputed Facts ¶¶4-5).  Smith attended a brief safety orientation (*id.* ¶6), and Daramic maintained policies that might have allowed them to "audit the work" (*id.* ¶8) or "ensure all contractors are working under the same safety expectations as Daramic employees." (Plaintiff's Ex. 8).  However, these policies and actions are not sufficient to show that in this particular instance Daramic controlled the work.  Therefore, Daramic owed no duty to Smith as Daramic's business invitee.[2]

---

[2] Daramic argues that, if the court was to find a duty to maintain its premises in a reasonably safe condition existed, it did not breach that duty.  The court agrees. Daramic did not have superior knowledge about the dangers on the premises vis-à-vis Nye—a prerequisite for a breach.  *Roberts*, 829 N.E.2d at 960 (citation omitted).  Smith testified that he knew the space between the lean-tos was there, but that he did not see it as he was backing up and fell.  (Smith Dep. 39).  The accident happened while it was somewhat dark, and there was allegedly poor lighting on the site.  However, Smith did not speak to anyone at Daramic about inadequate light, and he conceded that he
(continued...)

### B. Did Daramic, as a manager or principal, assume a duty to Smith by its conduct or contract with Nye?

The rather barebones "verbal" contract between Daramic and Nye leaves open the question of whether Daramic may have acted as something other than just a landowner. A landowner generally does not owe a duty to maintain a safe workplace for an independent contractor's employees. However, a landowner, through his conduct or contractual obligations, may retain enough control over the worksite that he is more akin to a manager than a disinterested landowner. *See Rhodes v. Wright*, 805 N.E.2d 382, 385-86 (Ind. 2004). In those instances, a landowner has a duty to provide a safe workplace for those employees.

Smith alleges that Daramic failed in its duty to provide safety equipment, establish and implement a safety protocol, provide a safe walking and working surface, or otherwise provide a safe workplace. Daramic offered safety training to contractors when necessary and required safety meetings for the contractor's employees prior to the contractor beginning a new project. Additionally, Daramic retained the right to audit worksites and require improvements and designated its employee as the project manager. (Undisputed Facts ¶7). The manager was the liaison between Nye and Daramic's environment, health, and safety department and was responsible for ensuring contractors complied with

---

knew that performing his work in poor lighting was dangerous. (*Id.* 39, 44). Beyond the poor lighting, Smith has not alleged how Daramic may have breached its duty to keep its premises safe. Daramic employees were in no way involved with the worksite and were not even present when Smith fell. The court cannot reasonably infer that Daramic may have had superior knowledge of the dangers of its premises than Smith, and the court would grant summary judgment to Daramic even if it had found a duty existed.

9

applicable safety, health and environmental regulations, and any Daramic policies while performing work there. (*Id.*; Plaintiff's Ex. 6 at 2). Smith alleges that, taken together, these were specific supervisory responsibilities that went beyond Daramic's contractual obligations. Therefore, Daramic assumed a duty to provide a safe worksite for Smith. *Hunt Const. Grp., Inc. v. Garrett*, 964 N.E.2d 222, 230 (Ind. 2012).

Daramic claims it assumed no duty to provide a safe workplace that adhered to an adequate safety protocol. (Calloway Aff. ¶¶9-10; Thomason Aff. ¶¶8-9; Nye Aff. ¶6; Williams Aff. ¶6). Both Nye and Daramic employees responsible for the contract aver that the verbal contract did not contain any safety requirements or terms that would have caused Daramic to assume a duty to provide a safe worksite. (Calloway Aff. ¶¶7-8, 10; Thomason Aff. ¶¶7-8; Nye Aff. ¶¶5-7). Additionally, merely providing safety guidelines and training prior to a job beginning is insufficient for Daramic to assume a duty based on its conduct. *Marks v. Northern Ind. Pub. Serv. Co.*, 954 N.E.2d 948, 956 (Ind. Ct. App. 2011) (affirmative actions must relate to the actual work, not merely safety preparation). While Daramic's project manager occasionally checked the progress of work and was available for questions (Defendant's Ex. B ¶10), no Daramic employee took any affirmative action to maintain control over the worksite.

The court agrees with Daramic. In the face of clear evidence offered by Daramic, Smith has presented no evidence that the contract called for Daramic to be at least partially responsible for safety supervision or that Daramic took

any actions to maintain control. In the absence of any involvement in the worksite, *i.e.*, control over Nye, Daramic was entitled to rely on Nye to establish and implement safety standards for the worksite—a worksite that was Nye's responsibility. *PSI Energy*, 829 N.E.2d at 959. Similarly, it is undisputed that there was no interaction between Smith and any Daramic employees (Smith Dep. at 33, 37; Defendant's Ex. G), and a reasonable jury could not infer that Daramic was more akin to an employer than a disinterested landowner. Therefore, Daramic only owed a duty to Nye as its business invitee; it owed no duty to Smith to establish additional safety protocols or provide a safe workplace or equipment. *PSI Energy*, 829 N.E.2d at 957 (citations omitted).

### C. Does Daramic owe Smith a duty because Smith's work was inherently dangerous?

Unless a landowner negligently hires a contractor, it is generally not liable for a contractor's negligence. *See Helms v. Carmel High Sch. Vocational Bldg. Trades Corp.*, 854 N.E.2d 345, 345-46 (Ind. 2006). Several exceptions apply, including when the work is inherently dangerous or the "peculiar risk" or "due precaution" exception. This applies when "at the time of making of the contract, a principal should have foreseen that the performance of the work or the conditions under which it was to be performed would, absent precautionary measures, probably cause injury." *Bagley v. Insight Comm. Co.*, 658 N.E.2d 584, 588 (Ind. 1995). Smith claims that Daramic's demanding work conditions for Nye's employees—working at heights at night, without adequate lighting or safety equipment—made an injury like Smith's reasonably foreseeable at the time of contracting. (Plaintiff's Ex. 20 at 2; Smith Dep. at 38).

Smith's reasoning is not persuasive.  As Daramic points out, the peculiar risk exception does not apply when the risk and type of injury are "routine and predictable hazards" of the work performed.  *PSI Energy*, 829 N.E.2d at 955 (internal quotation omitted).  In those circumstances, the contractor remains responsible for taking due precaution, and injuries normal to a given occupation do not fall within the exception.  *Id*.  Both Nye and Smith knew that falling was a normal danger in the construction industry.  (Undisputed Facts ¶¶13, 14, 18, 20; Nye Aff. ¶10).  Thus, the responsibility to provide adequate lighting and safety equipment remained with Nye, and Daramic cannot be held vicariously liable.

V.     **Conclusion**

The court is mindful that summary judgment is rarely appropriate in negligence claims.  However, Daramic has successfully shown that it exercised no control over the independent contractor, Nye, and thus did not owe any duty of safety to Smith.  When undisputed facts negate at least one element of a claim, summary judgment is appropriate.  *Pelak*, 831 N.E.2d at 769.  Daramic's motion is therefore **GRANTED**.  Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED** the 25th day of June, 2013.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic distribution to ECF-registered counsel of record.**